IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:18-CV-206-FL

| | | |
|---|---|---|
| MARISA REVAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HANS J. MILLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' motion to compel and for an award of fees

and costs, [DE-65], and Defendants' motion to exceed page limits, [DE-69]. Plaintiff opposes

both motions and seeks an award of costs and fees in responding to the motion to compel. [DE-

75, -76]. The issues have been fully briefed, and the motions are ripe for decision. For the reasons

stated below, Defendants' motion to compel is allowed in part and denied in part and the request

and for an award of fees and costs is denied, Plaintiff's request for an award of fees and costs is

denied, and Defendants' motion to exceed page limits is allowed.

## I. BACKGROUND

This action arises from Plaintiff Marisa Revak's employment with Defendant Onslow

County Sheriff's Office. Revak alleges that she was assigned to a video visitation position to assist

another employee, Christine Parrott. Am. Compl. [DE-18] ¶ 13. The assignment allowed Revak

to better attend to her childcare obligations but was met with negativity from her direct supervisor,

Captain Jeffries. *Id.* ¶ 16. Captain Jefferies subjected Plaintiff to harassment, including publicly

berating her on several occasions, changing her timecards, making several comments indicating

an animus toward women employees with children, and throwing paperwork at Plaintiff on a

number of occasions. *Id.* ¶¶ 17–32. Sheriff Miller, Colonel Worrell, Major Thomas, and Captain Lewis ignored Plaintiff's complaints about Captain Jefferies and failed to act to prevent the harassment. *Id.* ¶¶ 36–44. Plaintiff tendered her resignation to Sheriff Miller on March 12, 2018. *Id.* ¶ 41. Revak alleged claims of harassment and discrimination on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, retaliation, violations of the Equal Protection Clause of the Fourteenth Amendment, a negligent failure to prevent civil rights violations, and violations of the North Carolina Wage and Hour Act ("NCWHA"). *Id.* ¶¶ 49–88.

On January 23, 2020, Defendants served their Second Requests for Production of Documents ("RFP") on Revak, and Revak's responses were served on February 24, 2020. Defs.' Mot. [DE-65] ¶ 1. Counsel for the parties met and conferred regarding Defendants' perceived deficiencies with the RFP responses but were unable to resolve the dispute. *Id.* ¶ 2. The court held a telephonic pre-filing conference on March 24, 2020. *Id.* The instant motion to compel was timely filed on April 7, 2020, [DE-65], followed on April 17 by the motion for leave to file excess pages, [DE-69]. On June 5, 2020, the court granted in part and denied in part Defendants' motion to dismiss, allowing Revak's hostile work environment and NCWHA claims to proceed. [DE-88].

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 26 provides the general rule regarding the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at \*3 (M.D.N.C. June 13, 2007); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery,

relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Fed. R. Civ. P. 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to produce or make available for inspection requested documents under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, the Federal Rules also provide that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection*, 270 F.R.D. at 240 (citation omitted). Accordingly, as the party resisting discovery, it is Plaintiff's burden to show why discovery should be denied.

## III. DISCUSSION

### A. Defendants' Motion to Compel [DE-65]

#### 1.    RFP No. 2

Defendants' motion notes a dispute regarding Revak's medical records in response to RFP No. 2. Defs.' Mot. [DE-65] ¶ 3. At the time Defendants filed the motion, the parties believed they had reached an agreement for production of responsive documents. *Id.* However, due to current limitations on medical and legal practices due to the ongoing COVID-19 pandemic, Defendants also request any order entered pursuant to the motion be entered without prejudice so that Defendants may move to compel at a later time the production of medical records in response to RFP No. 2. Accordingly, this order is entered without prejudice to Defendants' right to move to compel production of medical records in response to RFP No. 2 within **sixty (60) days**. Defendants, if necessary, may seek an extension of the sixty-day deadline.

#### 2.    RFP Nos. 4 and 6

In RFP Nos. 4 and 6, Defendants requested documents, including text messages and emails, reflecting Revak's communications with Onslow County Sheriff's Office employees regarding Jefferies' conduct and all of Revak's communications with Christine Parrot from January 1, 2015 to present. Defs.' Mot. [DE-65] ¶ 4; Ex. 1 [DE-65-1] RFP ¶¶ 4, 6. Revak responded by referencing her response to a prior document request. Ex. 2 [DE-65-2] RFP Resp. ¶¶ 4, 6. Defendants contend Revak's prior document production contained no responsive emails, text messages, or communications of any kind and that she failed to make a reasonable search or preserve electronically stored information on her phones and backup files. Defs.' Mot. [DE-65] ¶¶ 4–5; Ex. 3 [DE-65-3]; Ex. 4 [DE-65-4]. Defendants request the court to compel Revak to turn over her phones and backup files to a neutral forensic electronic discovery expert, appointed by the court

under Fed. R. Evid. 706, for examination and issuance of a report regarding recoverable information and to tax the cost of the expert to Revak. Defs.' Mot. [DE-65] ¶¶ 6–7.

Revak asserts she has fully responded to Defendants' requests, has no additional relevant documents to produce, and has no remaining cell phones or electronic backups. Pl.'s Resp. [DE-76] at 2–4. Revak also takes issue with Defendants' attempt to convert a request for documents to a request for Revak to produce her phones, which Revak no longer possesses and Defendants never requested. *Id.* Finally, Revak states that she utilized a word-search process to identify relevant communications with Parrott, and Revak's counsel assisted her in searching her iCloud account, which revealed no backup files for the relevant period. *Id.* at 5–6.

Fed. R. Evid. 706(a) authorizes the district court to appoint an expert witness. However, the purpose of such an expert is "to aid the court . . . and not for the purposes of enabling a particular litigant to prove his case." *Jones v. Broadwell*, No. 5:10-CT-3223-FL, 2014 WL 2812531, at *3 (E.D.N.C. June 23, 2014) (internal quotation marks omitted) (quoting *Phillip v. GEO Group, Inc.*, No. 5:09-CT-3115-FL, 2012 WL 5392120, at *9 (E.D.N.C. Nov. 5, 2012), *aff'd*, 520 F. App'x 215 (4th Cir. May 2, 2013)). "Appointment of an expert under Rule 706 is 'rare under virtually any circumstances' because such appointment 'interferes with adversarial control over the presentation of evidence.'" *Rackemann v. LISNR, Inc.*, No. 1:17-CV-00624-TWP-MJD, 2017 WL 2971955, at *1 (S.D. Ind. July 11, 2017) (quoting Wright et al., Federal Practice & Procedure § 6304 (2d ed. 2014)). The court should only exercise its "discretionary authority" to appoint a Fed. R. Evid. 706(a) expert under "compelling circumstances." *See Claudio v. GEO Group, Inc.*, 2012 WL 3114560, at *4 (E.D.N.C. July 31, 2012) (citations omitted). The court has no need for an expert to aid its understanding of the evidence in this case, and the appointment would serve only to assist

Defendants in the development of their case. Accordingly, appointment of an expert pursuant to Fed. R. Evid. 706(a) is not appropriate.

Moreover, it is apparent from Revak's sworn deposition testimony and response to the instant motion that she no longer is in possession of her old phones from the time period at issue, there are no backup files in existence, and she has produced all responsive documents in her possession. Revak testified that her attorney assisted her in searching her iCloud account and backup files and there were no text messages preserved. *See* Ex. 4 [DE-65-4] at 181:14–182:14. Revak also testified that her old phones had broken due to water damage, she did not see them when she unpacked after moving to Hawaii, and she no longer has possession of them. *Id.* at 182:23–185:4. In response to Defendants' motion, Revak also indicated that after her deposition she specifically searched for the phones and confirmed she no longer has them. Pl.'s Resp. [DE-76] at 4. Accordingly, the request to compel Revak to produce her phones and backup files for forensic examination by an expert appointed pursuant to Fed. R. Evid. 706(a) is denied.

### 3. RFP Nos. 9, 10, and 12

In RFP Nos. 9, 10, and 12, Defendants requested paystubs, bank statements, and cancelled checks from March 9, 2015 to present; documents relating to claimed damages; and documents evidencing payment for childcare from January 1, 2017 until the date Revak resigned. Ex. 1 [DE-65-1] RFP ¶¶ 9, 10, 12. Revak objected that the request for paystubs, bank statements, and cancelled checks was overbroad, unduly burdensome, not relevant, and not proportional. Ex. 2 [DE-65-2] RFP Resp. ¶ 9. Revak referenced her response to a prior request in response to Defendants' RFP related to damages. *Id.* ¶ 10. Revak objected that the request for documents evidencing payment for childcare was vague, overbroad, and unduly burdensome to the extent it requested "all documents" but also indicated she had no responsive documents in her possession.

*Id.* ¶ 12. Defendants ask the court to compel production of Revak's bank records in the form of cancelled checks and bank statements from March 9, 2015 to present because the documents are relevant to issues in the case. For example, Defendants contend these documents are relevant to Revak's alleged fear of Jefferies' threats to alter her schedule and the impact on her childcare responsibilities, as well as her income for purposes of her front and back pay claims and damages under the NCWHA. Defendants also contend the burden on Revak of complying with the discovery requests is modest. Defs.' Mot. [DE-65] ¶¶ 8–9.

Revak contends the production of her tax records in response to RFP Nos. 9 and 10 was sufficient to support her claims for lost wages, and her bank account is a joint account with her husband that presents privacy concerns. Pl.'s Resp. [DE-76] at 6. Specifically, with respect to RFP No. 9, Revak reasserts her objection to the request for four years of bank records as overly broad, unduly burdensome, not relevant, and disproportional because it seeks bank records for a time period before the claims arose, it would require Revak to request the documents from third-parties, and Defendants have access to Revak's payroll information. *Id.* at 7. As for RFPs 10 and 12, Revak indicates she has already produced all documents responsive to RFP No. 10 and has no documents responsive to RFP. No. 12 because she paid for childcare in cash. *Id.* at 7–9.

The court agrees with Defendants that Revak's bank statements may contain relevant information not found in her tax returns regarding her income and damages claims. Revak's legitimate privacy concerns, *see Elsayed v. Family Fare LLC*, No. 1:18CV1045, 2019 WL 8586708, at *4 (M.D.N.C. Oct. 31, 2019) ("Courts indeed have recognized that 'production of bank records [can] create [a] high potential to disclose a whole host of irrelevant and confidential business related information.'") (citation omitted), are sufficiently addressed by the protective order entered in this case that governs the production of confidential information, [DE-28]. Revak

has failed to substantiate her general objections as to undue burden and disproportionality.[1] *See*

*Wilson v. Wexford Med.*, No. 3:18-CV-00890, 2020 WL 930112, at \*3 (S.D.W. Va. Feb. 26, 2020)

("The 'party claiming that a discovery request is unduly burdensome must allege specific facts that

indicate the nature and extent of the burden, usually by affidavits or other reliable evidence.'")

(quoting *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 498 (D. Md. 2000)); *Nat'l R.R.*

*Passenger Corp. v. Turner*, No. 4:15-CV-68-BO, 2016 WL 2659546, at \*3 (E.D.N.C. May 9,

2016) (finding conclusory assertion that responding to discovery request was unduly burdensome

was insufficient to sustain the objection and collecting cases); *Alston v. Equifax Info. Servs., LLC*,

No. CIV.A. TDC-13-1230, 2015 WL 1807952, at \*2 (D. Md. Apr. 17, 2015) (finding the defendant

failed to support its objection of undue burden with "specificity"). Finally, Revak specifically

objects to producing records for years prior to when her claims arose. Pl.'s Resp. [DE-76] at 7.

Defendants requested bank statements starting when Revak became employed with the Onslow

County Sheriff's Office in March 2015, but her claims are based on conduct that occurred after

she was transferred to video visitation in May 2017, Am. Compl. [DE-18] ¶¶ 11–48. Defendants

have not sufficiently demonstrated a need for bank statements prior to May 2017. Accordingly,

Revak shall produce her bank statements from May 2017 to present within twenty-one (21) days.

With respect to Defendants' request to compel Revak to produce cancelled checks, the

court finds them irrelevant to Revak's income and damages claims. While they might be relevant

to demonstrate payment of childcare expenses, Revak testified at her deposition that she paid for

childcare in cash, and she stated in response to the document requests that she has no responsive

---

[1] Revak notes the particular burden associated with producing her paystubs and the disproportionality of that request given Defendants have access to her payroll information. Pl.'s Resp. [DE-76] at 7. However, Defendants do not seek to compel production of paystubs, only bank statements and cancelled checks. Defs.' Mot. [DE-65] at 3 ¶ 8, 5 ¶ 4.

documents evidencing payment for childcare. Ex. 2 [DE-65-2] RFP Resp. ¶ 12; Ex. 4 [DE-65-4]

at 13:3–20. Accordingly, the request to compel production of cancelled checks is denied.

### 4. Costs

Both parties request that the court tax the opposing party with their costs and attorney's

fees associated with bringing or responding to, respectively, the motion to compel.

> If the motion [to compel] is granted—or if the disclosure or requested discovery is
> provided after the motion was filed—the court must, after giving an opportunity to
> be heard, require the party or deponent whose conduct necessitated the motion, the
> party or attorney advising that conduct, or both to pay the movant's reasonable
> expenses incurred in making the motion, including attorney's fees. But the court
> must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the
> disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially
> justified; or
>
> (iii) other circumstances make an award of expenses unjust.
>
> If the motion is denied, the court may issue any protective order authorized under
> Rule 26(c) and must, after giving an opportunity to be heard, require the movant,
> the attorney filing the motion, or both to pay the party or deponent who opposed
> the motion its reasonable expenses incurred in opposing the motion, including
> attorney's fees. But the court must not order this payment if the motion was
> substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).

Here, the parties' positions were substantially justified. "A legal position is 'substantially

justified' if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could

think it correct, that is, if it has a reasonable basis in law and fact.'" *Decision Insights, Inc. v.*

*Sentia Grp., Inc.*, 311 F. App'x 586, 599 (4th Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S.

552, 565–66 n.2 (1988)). The parties' respective positions have a reasonable basis in law and fact

and, thus, were substantially justified. Accordingly, the court declines to award costs and attorney's fees.

## B. Defendants' Motion to Exceed Page Limits [DE-69]

Defendants filed a memorandum of law exceeding the ten-page limit for discovery motions and subsequently requested the court extend the page limit by five pages. [DE-69]. Revak opposes the motion. [DE-75]. The Local Civil Rules state that, unless the court orders otherwise, memoranda must conform to the page or word limits provided. Local Civ. R. 7.2(f). The court in its discretion allows the motion.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to compel is allowed in part and denied in part and the request for an award of fees and costs is denied [DE-65], Plaintiff's request for an award of fees and costs is denied, and Defendants' motion to exceed page limits is allowed [DE-69].

So ordered, the 77 day of June 2020.

_____
Robert B. Jones, Jr.
United States Magistrate Judge