IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CV-206-FL

| | | |
|---|---|---|
| MARISA REVAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HANS J. MILLER, Sheriff, in his | ) | ORDER |
| official and individual capacity, and THE | ) | |
| OHIO CASUALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion for extension of time (DE 110) and motion to amend (DE 118), as well as plaintiff's motion to strike (DE 112).[1] The issues raised have been briefed fully, and in this posture, are ripe for ruling. For the following reasons, defendants' motions are granted, and plaintiff's motion is granted in part and denied in part.

## BACKGROUND

Plaintiff initiated this employment discrimination action November 20, 2018, and filed amended complaint February 8, 2019, asserting claims of hostile work environment and retaliation on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983, and negligent failure to prevent civil

---

[1] Also pending is defendants' motion for summary judgment (DE 106), which is not yet ripe and awaiting further briefing as noted in further detail herein.

rights violations, pursuant to 42 U.S.C. § 1986. Plaintiff also brings a claim for unpaid wages under the North Carolina Wage and Hour Act ("NCWHA").

On June 5, 2020, the court granted defendants' motions to dismiss in part, dismissing plaintiff's retaliation, § 1983, and § 1985 claims without prejudice, but allowing her hostile work environment and NCWHA claims to proceed. Shortly thereafter, plaintiff moved for leave to file second amended complaint, seeking to allege additional facts in support of claims for retaliation and § 1983 personal, supervisory, and official liability. On August 14, 2020, the court allowed plaintiff's motion with respect to her § 1983 supervisory liability claim, but denied the motion in remaining part on futility grounds.

A relatively lengthy and contentious discovery period ensued, punctuated by various motions to compel, an emergency motion for a protective order, and several motions for extension of time to complete discovery and file dispositive motions. Defendants moved for summary judgment on September 28, 2020, the dispositive motions deadline, and filed a statement of material facts and an appendix thereto on September 29, 2020. The following day, defendants filed the instant motion for extension of time, requesting that the court deem their statement of material facts and appendix timely filed.

Two days later, plaintiff filed the instant motion to strike defendants' motion for summary judgment, memorandum of law, statement of material facts, and appendix thereto, relying upon notices of electronic filings and defendants' Rule 26(a)(1) disclosures. Plaintiff also moved for an extension of time to respond to defendants' motion for summary judgment, pending ruling on plaintiff's motion to strike. The court granted plaintiff's motion for extension of time, directing her to file any response to defendants' motion for summary judgment not later than 14 days after

the court's order on the instant motion to strike, and directing defendants to file any reply not later than 14 days after filing of plaintiff's response.

On October 20, 2020, defendants filed the instant motion to amend or correct their statement of material facts and memorandum of law, attaching the proposed corrected documents thereto. That same day, defendants responded in opposition to plaintiff's motion to strike, relying upon excerpts of depositions of Christine Parrott, Major Lewis Zimmerman, and plaintiff; defendants' response to plaintiff's interrogatories; and plaintiffs Rule 26(a)(1) disclosures. On November 3, 2020, plaintiff replied in support of her motion to strike.

## COURT'S DISCUSSION

A.  Motion for Extension of Time

Defendants ask the court to deem their statement of material facts and appendix thereto timely filed, where these documents were filed four hours after the operative deadline expired, due to computer issues. In particular, after filing defendants' summary judgment motion and memorandum in support, counsel was attempting to file the remaining supporting documents when he lost internet connectivity–approximately 20 minutes before the deadline expired. Because of Covid-19, counsel was working from home, and lacked access to his law firm's technical support resources. Once his internet connection was restored, counsel again attempted to file the documents at issue; however, he received a message stating "ERROR: Document is malformed or contains code which may cause an external action (such as launching an application)." (Mem. (DE 111) at 2). After "a great deal of trial and error, and many attempts to file the documents over the hours that followed", counsel discovered that the documents contained "hidden data." (Id.). Counsel deleted the hidden data and successfully filed the documents at 4:01 a.m. on September 29, 2020. (Id.).

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In evaluating a claim of "excusable neglect," the court considers "[1] the danger of prejudice to the [nonmovant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." In re MI Windows & Doors, Inc., Prod. Liab. Litig., 860 F.3d 218, 226 (4th Cir. 2017) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392, 395 (1993)). "[N]o factor is dispositive," and "inadvertence, ignorance of the rules, or mistakes construing the rules usually do not constitute 'excusable' neglect." In re MI Windows & Doors, 860 F.3d at 226. However, excusable neglect "is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id.

Weighing the foregoing considerations, defendants have demonstrated excusable neglect. First, any prejudice to plaintiff was minimal, since the delay lasted only four hours and occurred during the early hours of the morning outside of regular business hours. Second, the reasons for the delay—internet connectively and lack of access to technical support—were largely outside of counsel's control, especially in light the Covid-19 pandemic. Finally, counsel demonstrated good faith by continuing his attempts to file the documents into the early hours of the morning and by offering to consent to a two-week extension of time for plaintiff to respond to defendants' motion for summary judgment.

Plaintiff argues that defendants have not demonstrated excusable neglect, relying upon Smith v. Look Cycle USA, 933 F. Supp. 2d 787 (E.D. Va. 2013) in support. However, Smith is instructively distinguishable. First, counsel in Smith filed the document at issue five days after

4

the deadline expired, causing a significantly longer delay than the delay here. 933 F. Supp. 2d at 789. Moreover, counsel in Smith knew in advance that his computer had viruses, and he did not take corrective action. Id. at 791. In contrast, here, counsel could not have reasonably anticipated the internet connectivity issues or the hidden data. Finally, counsel in Smith could have accessed other computers, free of viruses, at his office, see id. at 791-92, but here, counsel could not access his law firm's computers or technical support resources due to the Covid-19 pandemic.

Plaintiff also suggests that defendants cannot demonstrate excusable neglect for their untimely filings because the court previously granted several motions to extend the dispositive motions deadline. However, those extensions of time had no bearing on whether counsel would experience computer difficulties on the night the filings were due.

For all these reasons, defendants' motion for an extension of time is granted, and their statement of facts and appendix thereto are deemed timely filed.

B.   Motion to Amend or Correct

Defendants move to amend or correct their summary judgment brief, which exceeds the page limit under the court's Local Civil Rules. Defendants also seek to amend or correct their statement of material facts to add the requisite citations. The court addresses each of these requests, in turn below.

   1.   Summary Judgment Brief

This court's Local Civil Rules provide that a "memorandum in support of or in opposition to a motion (other than a discovery motion) shall not exceed 30 pages in length." Local Civil Rule 7.2(f)(2)(A). Defendants' summary judgment brief is 33 pages, exceeding the page limit by three pages. (See Mem. (DE 107)). Defendants attribute the excessive length to the document's failure to detect a font change when it was converted from a Microsoft Word document to a "PDF" right

before filing.  Defendants' memorandum is 28 pages when a font size of 11 is used, (see Prop. Mem. (DE 118-1), which complies with the court Local Civil Rules. See Local Civil Rules 7.2(f)(2)(A), 10.1(a).

Where a simple font change brings defendants' memorandum into compliance with the court's local rules, the court finds good cause to excuse defendants' technical violation and to allow defendants to file a corrected memorandum.  Plaintiff argues defendants' motion should be denied, and the excessive pages should be stricken, relying upon Reliastar Life Ins. Co. v. Laschkewitsch, No. 5:13-CV-210-BO, 2014 WL 2211033, at *2 (E.D.N.C. May 28, 2014) and Zelaya v. A+ Tires, Brakes, Lubes, & Mufflers, Inc., No. 5:13-CV-00810-F, 2017 WL 464375, at *1 (E.D.N.C. Feb. 2, 2017) in support.  However, the page limit violations in those cases were more egregious than the violation here.  See Laschkewitsch, 2014 WL 2211033, at *2 (striking excess pages where party filed a 60 page brief, exceeding the limit by 30 pages); Zelaya, 2017 WL 464375, at *1 (granting motion to strike where party filed two separate summary judgment motions to circumvent page limit).

Plaintiff also argues defendants' page limit violation should not be excused because defendants previously moved for leave to file excess pages in conjunction with a discovery motion. Where defendants' most recent page limit violation stems from an inadvertent font size issue, the court does not find that defendants have demonstrated a blatant disregard for the court's Local Civil Rules.  Therefore, defendants' motion is granted in this part.

    2.    Statement of Material Facts

Federal Rule of Civil Procedure 56(c)(1)(A) provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A).  Similarly, Local Civil Rule 56.1(a)(4) states

that each statement of material facts "must be followed by citation to evidence that would be admissible." Local Civil Rule 56.1(a)(4).

Here, although defendants cited to the record in their statement of facts set forth in their summary judgment brief, their separately filed statement of facts did not include citations. (See Stmt. (DE 108); Mem. (DE 107)). As soon as defendants realized their oversight, they emailed plaintiff an annotated copy of the statement of material facts, including the requisite citations. (Mem. (DE 119) at 3). Where defendants included citations in their brief but inadvertently omitted those citations in the statement of material facts, and where defendants immediately emailed plaintiff an annotated statement of facts, mitigating any prejudice to plaintiff, the court finds good cause to allow defendants' motion to correct their statement of facts. In contrast, striking the statement of facts would undermine full and fair determination of the merits of the issues presented by this case.

Cases relied upon by plaintiff are inapposite. See Reagan v. City of Knoxville, 692 F. Supp. 2d 891, 912 (E.D. Tenn. 2010) (striking statement of facts that was filed 25 days after the summary judgment motion was filed, in violation of the court's local rules); McElree v. City of Cedar Rapids, Iowa, 372 F. Supp. 3d 770, 782 (N.D. Iowa 2019) (striking statement of facts where the statement 1) did not correspond with numbering used by the opposing party, 2) set forth argument and speculation rather than facts, 3) failed to admit, deny, or qualify the opposing party's facts, and 4) was not adequately supported by citations); ABL & Assocs. Plumbing, LLC v. United States, No. 5:16-CV-918-D, 2019 WL 2221588, at *2 n.1 (E.D.N.C. May 21, 2019) (deeming a material fact admitted where the opposing party failed to cite to the record to show the fact was disputed); BlackRock Eng'rs, Inc. v. Duke Energy Progress, LLC, No. 7:15-CV-250-D, 2019 WL 4267863, at *2 (E.D.N.C. Sept. 9, 2019) (same).

Accordingly, defendants' motion to amend their statement of facts is granted.

C.     Motion to Strike

Plaintiff moves to strike the affidavits of Linwood Straughn ("Straughn"), Marc Wyatt Alwes ("Alwes"), and Shannon Ayers Dunleavy ("Dunleavy"), submitted in support of defendants' motion for summary judgment, on grounds that defendants failed to disclose Straughn, Alwes, and Dunleavy as potential witnesses in their initial disclosures or in any supplementation thereof. Plaintiff also seeks the attorneys' fees and costs incurred in bringing the instant motion to strike.

Rule 26(a)(1)(A), in relevant part, instructs that "a party must . . . provide to the other parties: (I) the name and, if known, the address and telephone number of each individual likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A). Further, Rule 26(e)(1) provides that

> [a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1). If a party fails to identify a witness as required by Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions. . . ." Id.

"District courts are accorded broad discretion in determining whether a party's nondisclosure or untimely disclosure of evidence is substantially justified or harmless." Bresler v. Wilmington Tr. Co., 855 F.3d 178, 190 (4th Cir. 2017). In exercising this discretion, "a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003).

Considering the foregoing factors, defendants' failure to identify Straughn, Alwes, and Dunleavy as witnesses, as required by Rule 26(a) and (e), is neither substantially justified nor harmless. First, the Straughn, Alwes, and Dunleavy affidavits, submitted after the close of discovery, caused substantial surprise, where defendants had not identified Straughn, Alwes, or Dunleavy as witnesses previously. Defendants argue that plaintiff could not have been surprised because Straughn, Alwes, and Dunleavy were mentioned in deposition testimony and in discovery responses. However, reference to an individual's name during a deposition or during the discovery period does not provide adequate notice of an opposing party's intent to call that individual as a witness. See Hoyle v. Freightliner, LLC, 650 F.3d 321, 330 (4th Cir. 2011) ("While [plaintiff] referenced Williams in response to one interrogatory, [plaintiff] chose not to list Williams as a potential witness. [Plaintiff] then belatedly notified [defendant] of Williams' declaration, not only after the close of discovery but after [defendant] had filed its motion for summary judgment . . . we do not fault the district court's conclusion that the failure to disclose Williams as a potential witness was neither substantially justified nor harmless."); see also Ollier v. Sweetwater Union High Sch. Dist., 768 F.3d 843, 863 (9th Cir. 2014) ("That another witness has made a passing

9

reference in a deposition to a person with knowledge or responsibilities who could conceivably be a witness does not satisfy a party's disclosure obligations."); Syngenta Crop Prot., LLC v. Willowood, LLC, No. 1:15-CV-274, 2017 WL 3309699, at *3 (M.D.N.C. Aug. 2, 2017) ("Reference to a witness in discovery documents, interrogatories, or depositions or even knowledge that someone has relevant information is insufficient to provide notice that the person might be called as a witness by the opposing party.") (citations omitted)).

Second, plaintiff cannot cure the surprise given the late stage of the proceedings. Indeed, because discovery has closed and defendants have moved for summary judgment, plaintiff cannot depose Straughn, Alwes, and Dunleavy to assess their credibility or uncover any gaps or weaknesses in their affidavits. Although the third factor, disruption of trial, weighs in defendants' favor since trial has not been scheduled, the remaining factors support striking the affidavits. Regarding the fourth factor, the importance of the evidence, defendants represent that their "motion for summary judgment is not 'based' on the affidavits" and that "[i]f Plaintiff comes forward with admissible evidence, the affidavits are, for summary judgment purposes, irrelevant. Otherwise, the affidavits are merely corroborative of other evidence of record." (Mem. (DE 120) at 12). By downplaying the importance of the evidence, defendants suggest that striking the affidavits is not a drastic remedy.

Finally, the fifth factor—explanation for non-disclosure—supports striking the affidavits, where defendants have not offered a single explanation for failing to identify Straughn, Alwes, and Dunleavy as witnesses. See Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 398 (4th Cir. 2014) ("[Defendant] has failed to provide any justification—much less a substantially justified one—for the late disclosures. Without any legitimate reason for the disclosure violations, we are unable to conclude that the district court abused its discretion in excluding the evidence

under Rule 37 of the Federal Rules of Civil Procedure."). Defendants reiterate that plaintiff should not be surprised since these individuals' names were referenced during discovery. However, this argument actually cuts against defendants' position, since it reveals that defendants also were on notice of Straughn's Alwes's, and Dunleavy's existence during the discovery period, and yet, instead of timely identifying them as witnesses, defendants submitted untested affidavits after discovery closed.

For all these reasons, the court strikes the affidavits of Straughn, Alwes, and Dunleavy. Where the court grants plaintiff the requested relief, mitigating any prejudice resulting from the affidavits, it declines to impose additional sanctions or award plaintiff attorneys' fees and costs. See generally S. States Rack And Fixture, 318 F.3d at 596 ("The alternative sanctions referenced in [Rule 37(c)(1)] are primarily intended to apply when a party fails to disclose evidence helpful to an opposing party.") (emphasis in original). Moreover, although defendants have committed technical violations of the court's Local Civil Rules, as explained in more detail herein, the court does not find that those violations were committed in bad faith or otherwise warrant imposition of attorneys' fees.

In sum, plaintiff's motion to strike is granted in part and denied in part.[2]

## CONCLUSION

Based on the foregoing, defendants' motion for extension of time (DE 110) and motion to amend (DE 118) are GRANTED. Defendants' statement of material facts and appendix thereto are deemed timely filed. Defendants are DIRECTED to file, within five days of the date of this

---

[2] Where the court grants defendants' motion for extension of time and motion to amend or correct, the court denies plaintiff's motion to strike defendants' summary judgment filings on grounds of untimeliness, excessive length, or lack of citations.

order, their corrected memorandum of law (DE 118-1) and corrected statement of facts (DE 118-2).

Plaintiff's motion to strike (DE 112) is GRANTED IN PART and DENIED IN PART. The court STRIKES the affidavits of Straughn, Alwes, and Dunleavy, but declines to award plaintiff attorneys' fees and costs.

Plaintiff's response to defendants' motion for summary judgment, if any, shall be filed not later than 14 days from the date of this order. Any reply by defendants shall be made within 14 days of filing of plaintiff's response. Thereupon, the court will enter such further order as is warranted regarding defendants' motion for summary judgment.

SO ORDERED, this the 27th day of May, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge